IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TALLI MCFADDEN, | : | |
|     Petitioner | : | |
| | : | No. 1:22-cv-00246 |
| v. | : | |
| | : | (Judge Kane) |
| HERMAN QUAY, | : | |
|     Respondent | : | |

**MEMORANDUM**

Pending before the Court is pro se Petitioner Talli McFadden ("Petitioner")'s second habeas corpus petition that he has filed in this Court pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 2.) Also pending before the Court is Petitioner's motion seeking the appointment of counsel. (Doc. No. 3.) For the reasons set forth below, the Court will dismiss the petition, deny the motion seeking the appointment of counsel as moot, and direct the Clerk of Court to close the above-captioned action.

I.     BACKGROUND

On February 1, 2022, Petitioner commenced the above-captioned action by filing a complaint in the United States District Court for the Eastern District of Pennsylvania ("Eastern District") pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the provisions of 42 U.S.C. § 1983 ("Section 1983"). (Doc. No. 2 at 4.) In addition to the complaint, he also filed a motion for leave to proceed in forma pauperis (Doc. No. 1), his prisoner trust fund account statement (Doc. No. 4), and a motion seeking the appointment of counsel (Doc. No. 3). On February 18, 2022, the Eastern District transferred Petitioner's complaint and pending motions to this Court. (Doc. No. 6.) In the transfer Order, the Court noted as follows:

> [Petitioner] submitted the Complaint in this action by utilizing the Court's standard form for a prisoner to file a complaint for a violation of civil rights, and repeatedly refers to this action as a Bivens action. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971) (explaining that claims seeking relief for constitutional violations by a federal actor are brought under the federal actor analogue to 42 U.S.C. § 1983); see also Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017) ("[A]ctions brought directly under the Constitution against federal officials have become known as 'Bivens actions.'"). The only named Defendant is Herman Quay, the Warden at United States Penitentiary, Allenwood, where [Petitioner] is currently incarcerated. United States Penitentiary, Allenwood is located in Union County, Pennsylvania and the facts alleged in the Complaint appear to have occurred in that County. As there is no apparent basis for venue in this district, the Court will transfer [Petitioner]'s Complaint to the United States District Court for the Middle District of Pennsylvania, where the events giving rise to [Petitioner]'s claims occurred and where the Defendant is located. See 28 U.S.C. § 118(b), 1391(b) & 1406(a); Lafferty v. St. Riel, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (declining to disturb district court's sua sponte transfer under §1406(a)); Decker v. Dyson, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may sua sponte transfer case under § 1406(a)).

(Id. at n.1.)

After receiving the transfer order from the Eastern District, the Court conducted a preliminary review of the complaint and observed that, despite Petitioner's assertion that he filed this action pursuant to Bivens and Section 1983, he alleged no deprivations of his constitutional rights against Defendant Herman Quay, the only named defendant. See (Doc. No. 2). Rather, the Court observed that Petitioner alleges that the BOP's computation of his sentence is wrong (id. at 6, 8, 13-14), and he requests that the Court order the BOP to award him with the "credit time" and "over served time" that he is allegedly owed. (Id. at 8; id. at 6 (requesting that the Court order the BOP to award him with nineteen (19) months and fourteen (14) days of "credit days" and to also order the BOP to award him with one-hundred and ten (110) days of "over served time").) Accordingly, because Petitioner is a federal prisoner challenging the execution

of his sentence, this Court construed his Bivens and Section 1983 complaint as a habeas corpus petition filed pursuant to Section 2241. (Doc. No. 12.)[1]

On June 1, 2022, after receiving Petitioner's filing fee (Doc. No. 13), the Court directed service of his Section 2241 petition on Respondent (Doc. No. 14). On June 21, 2022, Respondent filed a response to the petition, arguing—inter alia—that this is the second action that Petitioner has filed in this Court, challenging the BOP's calculation of his current federal sentence. (Doc. No. 16 at 1-2 (arguing that "[a] different docket number does not warrant a different result or change this Court's conclusion that the BOP accurately calculated [Petitioner's] current federal sentence after: (a) properly applying credit for time he spent in pre-sentence confinement on the charges underlying his instant sentence; and (b) correctly denying credit for time that had been already applied to prior sentences"); id. at 11 (arguing that "[a] habeas petitioner may not file serial actions raising the same subject matter, and [that] this Court should dismiss the [above-]captioned action for [Petitioner's] doing so").) In connection with this argument, Respondent contends that Petitioner is not entitled to any habeas relief. (Id. at 6-11.)

On July 8, 2022, Petitioner filed a traverse, asserting arguments concerning (a) his efforts to exhaust his administrative remedies and (b) his disagreement with a decision made by United States District Judge Cynthia M. Rufe from the Eastern District. (Doc. No. 17 at 1-3.) Petitioner also appears to acknowledge, however, Respondent's argument that this action relates to his previously filed Section 2241 habeas corpus action (id. at 1), wherein Petitioner also sought an

---

[1] See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (stating that "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence").

order from the Court that would direct the BOP to apply prior custody credit and recalculate his current federal sentence. See McFadden v. Quay, No. 1:21-cv-01477 (M.D. Pa. filed August 27, 2021) ("McFadden I").

In McFadden I, the Court issued a Memorandum and Order on October 29, 2021, denying Petitioner's Section 2241 petition. (Doc. Nos. 14, 15.) Specifically, the Court concluded that: (1) Petitioner had failed to fully exhaust his administrative remedies prior to filing his Section 2241 petition; (2) Petitioner could not challenge the validity of his 1994 voluntary manslaughter conviction and was not entitled to credit toward his federal sentence for the time served in state custody on this conviction; (3) Petitioner was not entitled to double credit for the nineteen (19) months he spent in federal custody for violating his period of supervised release imposed as part of his prior federal sentence; and, finally, (4) Petitioner was not entitled to credit for the time spent on house arrest or in a halfway house. (Doc. No. 14 at 4-9.)

On November 15, 2021, Petitioner filed, in McFadden I, a motion for reconsideration of the Court's October 29, 2021 Memorandum and Order (Doc. No. 17), which the Court ultimately denied on December 23, 2021 (Doc. No. 24). In particular, the Court found that Petitioner did not meet the narrowly defined factors governing motions for reconsideration, as he failed to identify an intervening change in controlling law, provide any evidence that was not previously available to the Court, or show the need to correct a clear error of law or prevent manifest injustice. (Id. at 3.) The Court also found that Petitioner failed to challenge the Court's conclusion that he did not exhaust his administrative remedies prior to filing his habeas petition and that, instead, he was simply rearguing issues that had previously been considered and rejected by the Court. (Id.) Thus, the Court, finding no basis for Petitioner's request for relief, denied his motion for reconsideration and directed that the case remain closed. (Id.)

Over two (2) months later, on March 15, 2022, Petitioner filed a second motion for reconsideration in McFadden I, wherein he sought reconsideration of the Court's December 23, 2021 Order denying his first motion for reconsideration. (Doc. No. 25.) On April 26, 2023, the Court denied his second motion for reconsideration. (Doc. Nos. 37, 38.) In particular, the Court found that the arguments and evidence Petitioner submitted in connection with his second motion for reconsideration were arguments and evidence that could have been presented to the Court at the time it issued its December 23, 2021 Order denying his first motion for reconsideration. (Doc. No. 37 at 6-12.) As a result, the Court denied his second motion for reconsideration, and directed, once again, that the case remain closed. (Id.; Doc. No. 38.)

Thus, it is against this backdrop that Petitioner's second Section 2241 habeas petition is pending before this Court. Based upon the discussion set forth below, the Court finds that this second petition is subject to dismissal pursuant to 28 U.S.C. § 2244(a). As a result, the Court will dismiss the petition. (Doc. No. 2.) In addition, the Court will deny Petitioner's motion seeking the appointment of counsel as moot (Doc. No. 3) and will direct the Clerk of Court to close this case.

## II.     DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

See 28 U.S.C. § 2244(a) ("Section 2244(a)"). Although this statute does not eliminate federal jurisdiction over successive Section 2241 petitions, it curbs such successive petitions and

5

explicitly provides that no judge "'shall be required to entertain'" them.  See Holland v. Warden Canaan USP, 998 F.3d 70, 74 (3d Cir. 2021) (quoting Section 2244(a)).  In other words, district courts "have discretion to hear" successive Section 2241 petitions.  See id. (explaining that AEDPA's statutory bar on successive Section 2241 petitions is discretionary and equitable).

Here, Petitioner filed McFadden I in this Court on August 27, 2021, seeking an order that would direct the BOP to apply prior custody credit and recalculate his current federal sentence.  See McFadden v. Quay, No. 1:21-cv-01477 (M.D. Pa. filed August 27, 2021).  In that case, Petitioner sought, inter alia, "prior custody credit for the nineteen 19 months he was in federal custody for violating his period of supervised release imposed as part of his prior federal sentence."  (Doc. No. 14 at 8 (citing Doc. No 2 at 7-8).)  Petitioner also "assert[ed] that the 110 days he overserved following his release from custody pursuant to his sentence reduction in 2004 should be credited toward his sentence." (Id. (citing Doc. No. 2 at 12).)  As discussed above, this Court concluded that Petitioner had failed to exhaust his administrative remedies prior to filing his petition and, further, that he had been awarded all prior custody credit to which he was entitled.  (Id. at 4-9.)  The Court reaffirmed this decision by denying Petitioner's subsequent motions for reconsideration.  (Doc. Nos. 24, 37, 38.)

In February of 2022, Petitioner filed the instant Section 2241 petition, requesting—once again—that the Court order the BOP to award him with credit time that he is allegedly owed and to recalculate his current federal sentence.  (Doc. No. 2 at 6 (requesting that the Court order the BOP to credit him with nineteen (19) months and fourteen (14) days and award this time to his sentence as "credit days" and to also credit him with one-hundred and ten (110) days for "over served time" and award this time to his sentence).)  Thus, Petitioner's instant Section 2241 petition asserts nearly identical arguments to the ones that he asserted in McFadden I.  Even

assuming arguendo, however, that his instant petition raises a new legal contention or factual scenario, Petitioner has neither alleged nor shown why he did not include such arguments in either his Section 2241 petition or his subsequent motions for reconsideration in McFadden I.

Thus, for all of these reasons, the Court concludes that, in the exercise of its discretion, it will not entertain Petitioner's second habeas corpus petition because the legality of his current federal sentence was already determined by this Court in McFadden I. See 28 U.S.C. § 2244(a) (providing as follows: "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255"); see also Holland, 998 F.3d at 74 (explaining that Section 2244(a)'s statutory bar on successive Section 2241 petitions is discretionary and equitable); Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (concluding that the district court had properly determined that the issues raised in the petitioner's Section 2241 petition, concerning his loss of good-time credits, "had been, or could have been, decided in his previous habeas action" and thus, the Court of Appeals affirmed the district court's judgment dismissing the action pursuant to Section 2244(a)).

### III.  CONCLUSION

To conclude, the Court will dismiss the instant habeas petition. In addition, the Court will deny Petitioner's motion seeking the appointment of counsel as moot and will direct the Clerk of Court to close this case. An appropriate Order follows.